# EXHIBIT A-1

| | |
|---|---|
| DISTRICT COURT, BOULDER COUNTY, COLORADO<br><br>Court Address:  1777 6th Street, Boulder, CO  80302<br>Telephone:  303-441-1776<br><br>**BRIAN ROD DESIZLETS, an individual**<br><br>v.<br><br>**GEICO CASUALTY COMPANY, a foreign corporation, doing business in the State of Colorado** | DATE FILED: December 2, 2016 2:27 PM<br>FILING ID: F3617219ADB26<br>CASE NUMBER: 2016CV31353<br>▲                                              ▲<br><br>**COURT USE ONLY** |
| David M. Westbrook<br>Westbrook Law Offices PLLC<br>1600 Broadway, Suite 1600<br>Denver, CO  80202<br>Telephone:  303-741-4666; Facsimile:  303-771-5586<br>Email:  David.Westbrookattorney@gmail.com<br>Atty. Registration No. 25202<br><br>Laura S. Moore<br>Warren, Carlson & Moore, LLP<br>P.O. Box 610<br>Niwot, CO  80544-0610<br>Telephone:  303-652-2433; Facsimile:  303-652-2449<br>Email:  lmoore@niwotlaw.com<br>Atty. Registration No. 23319 | Case Number:<br><br><br><br>Division        Courtroom |
| **COMPLAINT AND JURY DEMAND** ||

COMES NOW the Plaintiff, Brian Desizlets, by his attorney David M. Westbrook of Westbrook Law Offices PLLC, and Laura S. Moore of Warren, Carlson & Moore, LLP, and submits his Complaint and Jury Demand, as follows:

## PARTIES

1. At all times pertinent hereto, Plaintiff Brian Rod Desizlets ("Desizlets") was a resident of Larimer County, Colorado with an address of 2706 Worthington Avenue, Fort Collins, Colorado 80526.

2. At all times pertinent hereto, Defendant Geico Casualty Company ("GEICO") was a Maryland corporation, doing business in the State of Colorado as a foreign corporation, and operating under the laws of the State of Colorado.  GEICO is licensed to do business in Colorado.

1

## JURISDICTION AND VENUE

3. Jurisdiction is proper in the State of Colorado pursuant to C.R.S. 13-1-124, as Defendant has conducted business, breached a contract, and committed tortious acts within the State of Colorado.

4. Venue is proper in the District Court for the County of Boulder per C.R.C.P. 98 as the incident occurred in Boulder, County.

## GENERAL ALLEGATIONS

5. The claims against Defendant GEICO arise from the bad faith breaches of their obligation to provide binding coverage to Plaintiff Desizlets after payment of his insurance premium and before a motor vehicle collision on February 25, 2013.

6. At all times relevant hereto, GEICO acted by and through its officers, agents, and employees, each of whom acted within the course and scope of his or her agency or employment.

7. At all times relevant hereto, Desizlets was the named insured under GEICO automobile insurance policy number 4289373757.

8. Desizlets originally purchased this automobile insurance policy number 4289373757 with GEICO on December 4, 2012.

9. Effective January 21, 2013, GEICO cancelled Desizlets' policy number 428973757 for non-payment.

10. On February 25, 2013, at 9:37 a.m., Desizlets made payment to GEICO to re-instate the policy number 4289373757.

11. On February 25, 2013, at 4:05 p.m., Desizlets was involved in a three vehicle motor vehicle collision, in Longmont, Colorado.

12. On February 25, 2013, at 4:37 p.m., Desizlets called GEICO to confirm that his payment to reinstate his policy had been received.

13. On February 28, 2013, GEICO sent a letter to American Family Mutual Insurance, the insurance company for the other motorist involved in the February 25, 2013 collision, and indicated that Desizlets was uninsured at the time of the collision; no such information was ever provided to Desizlets.

14. On February 3, 2016, American Family Mutual Insurance Company filed a Complaint against Desizlets for damages arising out of the February 25, 2013 collision, in Boulder County District Court, case number 2016 CV 030131.

15. On April 19, 2016, default judgment entered against Desizlets, in the original principal amount of $23,417.77, $315.00 prejudgment costs, $5,640.80, prejudgment interest, plus post judgment costs and interest which continue to accrue.

16. Desizlets hired Westbrook Law Offices PLLC on July 12, 2016.

17. In correspondence dated August 22, 2016 to Westbrook Law Offices, GEICO provided their stated position that Desizlets did not have insurance coverage at the time of the February 25, 2013 collision.

18. At all times relevant hereto, Desizlet paid the required premiums and otherwise performed his obligations under the insurance contract such that the contract of insurance was in full force and effect at 4:05 p.m. on February 25, 2013, the date and time of the collision at issue.

19. GEICO refused to defend and indemnify Desizlets for the February 25, 2013 collision, and a default judgment entered against him.

20. GEICO failed to appropriately settle or reasonably negotiate Desizlet's liability claim, which constitutes a bad faith breach of the contractual agreement.

21. GEICO's refusal to defend and indemnify Desizlets for the February 25, 2013 collision, compelled Desizlets into litigation, where he is incurring significant costs for SR-22 insurance and reinstatement fees.

22. As a result of GEICO's position that Desizlets did not have automobile insurance at the time of the February 25, 2013 motor vehicle collision, the Colorado Department of Motor Vehicles suspended Desizlets' Colorado driver's license.

23. Desizlets obtained an Affidavit from former executive officer of an insurance company who was employed in the property-casualty insurance industry for thirty-five years, Dale Crawford, that certifies upon receipt of an insurance premium payment, it is usual and customary for the insurance coverage to bind the same day as payment.

## FIRST CLAIM FOR RELIEF
### (Breach of Contract)

24. Plaintiff incorporates herein by reference paragraphs 1-23.

25. On February 25, 2013, at approximately 9:37 a.m., Plaintiff made payment to GEICO to re-instate his automobile insurance policy number 4289373757. Plaintiff complied with his obligations under the insurance contract, upon payment of the premium.

26. On February 25, 2013 at approximately 4:05 p.m., Plaintiff was involved in a motor vehicle collision, in Longmont, Colorado. Plaintiff notified Defendant of the February 25, 2013 collision that same afternoon.

27. Defendant had an affirmative duty to bind the insurance contract upon receipt of the premium payment on February 25, 2013.

28. Defendant breached the insurance contract by its deliberate failure to bind the insurance coverage for Plaintiff upon receipt of the policy premium, effective February 25, 2013.

3

29. Defendant had an affirmative duty to defend and indemnify their insurer, effective February 25, 2013, upon receipt of the policy premium.

30. Defendant breached the insurance contract by failing to defend and indemnify Plaintiff for the February 25, 2013 motor vehicle collision.

31. Defendant had an affirmative duty to negotiate and pay claims arising from the February 25, 2013 motor vehicle collision.

32. Defendant breached the insurance contract by refusing to negotiate and pay claims arising from the February 25, 2013 motor vehicle collision.

33. Plaintiff has been damaged as a direct and proximate result of Defendant's breaches of contract, in an amount to be determined at trial.

## SECOND CLAIM FOR RELIEF
### (Common Law Bad Faith Breach of Insurance Contract – First Party)

34. Plaintiff incorporates herein by reference paragraphs 1-33.

35. Defendant owes Plaintiff a duty of good faith and fair dealing in every aspect of the insurance contract.

36. Defendant owes Plaintiff a duty of good faith and fair dealing, which duty was breached when Defendant failed to bind the insurance coverage for Plaintiff upon receipt of the policy premium, effective February 25, 2013, which act constituted insurance bad faith.

37. Defendant had an affirmative duty to defend and indemnify their insurer, effective February 25, 2013.

38. Defendant breached the insurance contract by failing to defend and indemnify Plaintiff for the February 25, 2013 motor vehicle collision, which act constituted insurance bad faith.

39. Defendant breached the insurance contract by refusing to negotiate and pay claims arising from the February 25, 2013 motor vehicle collision, which act constituted insurance bad faith.

40. Plaintiff has been damaged as a direct and proximate result of Defendant's breaches of contract, in an amount to be determined at trial.

## THIRD CLAIM FOR RELIEF
### (Breach of Fiduciary Duty)

41. Plaintiff incorporates herein by reference paragraphs 1-41.

42. GEICO, by and through its agents and employees, is in a fiduciary relationship with its customers.

43. As a consequence of that fiduciary relationship, GEICO owes specific duties to its customers, and is held to a high standard of trust.

4

44. On February 25, 2013, at 9:37 a.m., Plaintiff made payment to GEICO to re-instate the automobile insurance policy number 4289373757.

45. On February 25, 2013 at 4:05 p.m., Plaintiff was involved in a motor vehicle collision, in Longmont, Colorado.

46. Defendant breached the insurance contract by its deliberate failure to bind the insurance coverage for Plaintiff upon receipt of the policy premium, effective February 25, 2013, in violation of its fiduciary duty.

47. Defendant had an affirmative duty to defend and indemnify their insurer, effective February 25, 2013.

48. Defendant breached the insurance contract by failing to defend and indemnify Plaintiff for the February 25, 2013 motor vehicle collision, in violation of its fiduciary duty.

49. Defendant breached the insurance contract by refusing to negotiate and pay claims arising from the February 25, 2013 motor vehicle collision, in violation of its fiduciary duty.

50. Plaintiff has been damaged as a direct and proximate result of Defendant's breaches of fiduciary duty, in an amount to be determined at trial.

## FOURTH CLAIM FOR RELIEF
### (Violation of Colorado Consumer Protection Act)

51. Plaintiff incorporates by reference paragraphs 1-51.

52. By entering into a contract of insurance with Plaintiff, Defendant assumed a duty to act in good faith toward to deal fairly with its insured, in every aspect of the contract.

53. Defendant engaged in an unfair or deceptive trade practice, in the course of the Defendant's business.

54. Defendant has violated the provisions of C.R.S. § 10-3-1104, Unfair Claim Settlement Practices, which constitutes a bad faith breach of contractual agreement and relationship, and an unfair or deceptive trade practice. Specifically, Defendant has violated the act in the following ways, including but not limited to misrepresenting the benefits, advantages, conditions and terms of the insurance policy, and by failing to bind the coverage the day of payment of the insurance policy.

55. Defendant has violated the provisions of C.R.S. § 10-3-1104, Unfair Claim Settlement Practices, which constitutes a bad faith breach of contractual agreement and relationship and an unfair or deceptive trade practice. Specifically, Defendant has violated the act in the following ways, including but not limited to misrepresenting the benefits, advantages, conditions and terms of the insurance policy, and by failing to defend and indemnify its insured after payment of the insurance policy premium.

56. Defendant has violated the provisions of C.R.S. § 10-3-1104, Unfair Claim Settlement Practices, which constitutes a bad faith breach of contractual agreement and relationship and an unfair or

deceptive trade practice. Specifically, Defendant has violated the act in the following ways, including but not limited to misrepresenting the benefits, advantages, conditions and terms of the insurance policy, and by refusing to negotiate and pay claims arising from the February 25, 2013 motor vehicle collision.

57. Defendant's conduct impacts the public as its current and potential customers have reason to believe that coverage binds the same day as payment of an insurance premium.

58. Defendant's conduct, alleged herein, was unreasonable, and Defendant knew it was unreasonable or acted with reckless disregard of the fact that its conduct was unreasonable.

59. Plaintiff suffered an injury to a legally protected interest and, has been damaged as a direct and proximate result of Defendant's violations of the Colorado Consumer Protection Act, in an amount to be determined at trial.

60. Defendant has willfully and wantonly failed to pay, settle or negotiate a claim, to which Plaintiff is entitled under the insurance contract, in reckless disregard of Plaintiff's rights and feelings, which warrants an award of punitive damages against Defendant and in favor of Plaintiff, pursuant to C.R.S. § 13-21-102.6.

## FIFTH CLAIM FOR RELIEF
**(Statutory Bad Faith, C.R.S. §10-3-1115 and C.R.S. §10-3-1116)**

61. Plaintiff incorporates by reference paragraphs 1-60.

62. On February 25, 2013, at approximately 9:37 a.m., Plaintiff made payment to GEICO to re-instate his automobile insurance policy number 4289373757. Plaintiff complied with his obligations under the insurance contract, upon payment of the premium.

63. On February 25, 2013 at approximately 4:05 p.m., Plaintiff was involved in a motor vehicle collision, in Longmont, Colorado. Plaintiff notified Defendant of the February 25, 2013 collision that same afternoon.

64. Defendant had an affirmative duty to bind the insurance contract upon receipt of the premium payment on February 25, 2013.

65. Defendant denied coverage for the damages related to Plaintiff's February 25, 2013 collision.

66. Defendant engaged in conduct statutorily prohibited and in violation of C.R.S. §10-3-1115, by their denial of payment of a claim for benefits owed to or on behalf of a first party claimant.

67. As a direct result of Defendant's conduct in violation of C.R.S. §10-3-1115, Plaintiff is entitled to statutory remedies including attorneys' fees, court costs and two times the covered benefits under the insurance contract pursuant to C.R.S. §10-3-1116.

68. Plaintiff has been damaged as a direct and proximate result of Defendant's statutory bad faith, in an amount to be determined at trial.

## SIXTH CLAIM FOR RELIEF
(*Respondeat Superior* / **Vicarious Liability**)

69. Plaintiff incorporates by reference paragraphs 1-68.

70. On February 25, 2013, at approximately 9:37 a.m., Plaintiff made payment to GEICO to re-instate his automobile insurance policy number 4289373757. Plaintiff complied with his obligations under the insurance contract, upon payment of the premium.

71. On February 25, 2013 at approximately 4:05 p.m., Plaintiff was involved in a motor vehicle collision, in Longmont, Colorado. Plaintiff notified Defendant of the February 25, 2013 collision that same afternoon.

72. Defendant, its employees and agents, had an affirmative duty to bind the insurance contract upon receipt of the premium payment on February 25, 2013.

73. Defendant, its employees and agents, denied coverage for the damages related to Plaintiff's February 25, 2013 collision.

74. Defendant GEICO's employees and agents failed to properly investigate the facts and circumstances surrounding payment to reinstate the policy, prior to denial of benefits under the insurance contract.

75. At all times pertinent hereto, Defendant GEICO is vicariously liable for the actions and omissions of its employees and agents, who were acting in the course and scope of their employment.

76. At all times pertinent hereto, Defendant GEICO is vicariously liable for the actions and omissions of its employees and agents, who were acting under the direction, authority, and control of their employer.

77. Defendant GEICO is vicariously liable for the negligent actions and omissions of its employees and agents.

78. Plaintiff has been damaged as a direct and proximate result of Defendant's vicarious liability, in an amount to be determined at trial.


WHEREFORE, Plaintiff Desizlets prays for judgment against Defendant GEICO for the harm, injuries, and losses Plaintiff has suffered as a result of Defendant GEICO's misconduct; an award of all economic, non-economic, general and special damages; an award of attorneys' fees, costs and pre- and post-judgment interest pursuant to the applicable contract, rule and/or statue, and for such other and further relief as the Court deems just and proper.

**PLAINTIFF REQUESTS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE PER C.R.C.P. 38**

DATED this 2nd day of December, 2016.

          Respectfully submitted,

          WESTBROOK LAW OFFICES, PLLC

          *By:  /s/ David M. Westbrook*
          David M. Westbrook, #25202
          1600 Broadway, Suite 1600
          Denver, CO  80202
          Telephone:  303-741-4666
          Facsimile:  303-771-5586
          Email:  David.Westbrookattorney@gmail.com

          WARREN, CARLSON & MOORE, LLP

          *By:  /s/ Laura S. Moore*
          Laura S. Moore, #23319
          P.O. Box 610
          Niwot, CO  80544-0610
          Telephone:  303-652-2433
          Facsimile:  303-652-2449
          Email:  lmoore@niwotlaw.com

Address of Plaintiff:
2706 Worthington Avenue
Fort Collins, CO  80526