IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 17-cv-00031-CMA-NYW

BRIAN ROD DESIZLETS,

    Plaintiff,

v.

GEICO CASUALTY COMPANY,

    Defendant.

---

**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

---

This matter is before the Court on Defendant Geico Casualty Company's Motion for Summary Judge, wherein Defendant argues that Plaintiff Brian Rod Disizelets was not insured at the time of his motor vehicle collision on February 25, 2013. (Doc. # 68.) Defendant requests that the Court therefore enter summary judgment on all of Plaintiff's claims. (*Id.*) Because genuine issues of material fact govern this dispute, the Court denies Defendant's Motion for Summary Judgment.

## I.     BACKGROUND

**A.     UNDERLYING FACTS**

The relevant facts, when viewed in the light most favorable to Plaintiff, are as follows. *See Allen v. Muskogee*, 119 F.3d 837, 839–40 (10th Cir. 1997) (reviewing court must view the evidence in the light most favorable to the nonmoving party). On

December 4, 2012, Defendant issued Plaintiff a Colorado Family Automobile Insurance Policy, No. 4289363757. (Doc. # 4 at 2.) Defendant cancelled Plaintiff's insurance policy on January 21, 2013, for non-payment. (*Id.*; Doc. # 6 at 3.)

According to Plaintiff, he called Defendant at 9:37 a.m. on February 25, 2013, in order to reinstate his policy and made a payment to Defendant through its automated line. (Doc. # 4 at 2.)

That same day, February 25, 2013, Plaintiff was involved in a three-car motor vehicle collision at approximately 4:00pm in Longmont, Colorado. (*Id*.) Plaintiff contends that his insurance policy from Defendant was in "full force and effect" at the date and time of the collision. (*Id*. at 3.) Plaintiff called Defendant at 4:37 p.m. to confirm that his payment made in the morning had been received. (*Id*. at 2.)

Defendant has denied Plaintiff's claims arising from the February 25, 2013 motor vehicle accident. (*Id*. at 3.) On February 27, 2013, Defendant sent a letter to American Family Insurance Company, the insurance company of the other motorist involved in that accident, stating that Plaintiff was uninsured at the time of the collision. (*Id.* at 2.)

On February 3, 2016, American Family Insurance Company filed a suit against Plaintiff in Boulder County District Court, No. 16-cv-030131, seeking to recover the amounts it had paid for property damage and bodily injuries resulting from the accident. (*Id*.) On April 19, 2016, the Boulder County District Court entered default judgment against Plaintiff in the amount of $29,373.57. (*Id*.)

Plaintiff then retained counsel. On August 22, 2016, Defendant informed Plaintiff's counsel that its position was that Plaintiff did not have insurance coverage at the time of the February 25, 2013, collision. (*Id.* at 3.)

**B. PROCEDURAL HISTORY AND PLAINTIFF'S STIPULATED MOTION TO DISMISS TWO CLAIMS**

Plaintiff filed the action now before the Court in Boulder County District Court on December 2, 2016, asserting six claims against Defendant: (1) breach of contract; (2) common law bad faith breach of contract; (3) breach of fiduciary duty; (4) violation of the Colorado Consumer Protection Act[1]; (5) statutory bad faith, Colo. Rev. Stat. §§ 10-3-1115–16; and (6) *respondeat superior*/vicarious liability. (Doc. # 4 at 3–7.) Defendant removed the action to this Court on January 4, 2017. (Doc. # 1-8.) On November 15, 2017, Plaintiff filed a Motion to Dismiss Two Claims, in which the parties stipulated to the dismissal of Plaintiff's breach of fiduciary duty claim (Claim 3) and his *respondeat superior*/vicarious liability claim (Claim 6). (Doc. # 82.) The Court granted Plaintiff's Motion to Dismiss these two claims on December 19, 2017. (Doc. # 88.)

On October 27, 2017, Defendant filed its Motion for Summary Judgment on all of Plaintiff's claims. (Doc. # 68.) Plaintiff responded to Defendant's Motion for Summary Judgment on November 17, 2017. (Doc. # 83.) Defendant filed a reply brief on

---

[1] Plaintiff alleged in his Complaint that Defendant violated the Colorado Consumer Protection Act and, specifically, that Defendant violated Colo. Rev. Stat. § 10-3-1104. (Doc. # 4 at 5.) However, that specific provision is not in the Colorado Consumer Protection Act. The Colorado Consumer Protection is located at Colo. Rev. Stat. §§ 6-1-101–15. In Plaintiff's Response to Plaintiff's Motion for Summary Judgment, Plaintiff does not cite to Colo. Rev. Stat. § 10-3-1104; in its place, he focuses on specific provisions of the Colorado Consumer Protection Act, such as Colo. Rev. Stat. § 6-1-105(1)(g). The Court assumes that Plaintiff mistakenly cited Colo. Rev. Stat. § 10-3-1104 in his Complaint and means to allege violation of the Colorado Consumer Protection Act, Colo. Rev. Stat. §§ 6-1-101–15.

December 1, 2017. (Doc. # 84.) Defendant's Motion for Summary Judgment is thus ripe for the Court's review.

## II. SUMMARY JUDGMENT STANDARD AND APPLICATION

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it is essential to the proper disposition of the claim under the relevant substantive law. *Wright v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231– 32 (10th Cir. 2001). A dispute is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Muskogee*, 119 F.3d at 839. When reviewing motions for summary judgment, a court must view the evidence in the light most favorable to the non-moving party. *Id*. However, conclusory statements based merely on conjecture, speculation, or subjective belief do not constitute competent summary judgment evidence. *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004).

The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact and entitlement to judgment as a matter of law. *Id.* In attempting to meet this standard, a movant who does not bear the ultimate burden of persuasion at trial does not need to disprove the other party's claim; rather, the movant need simply point out to the Court a lack of evidence for the other party on an essential element of that party's claim. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).

Once the movant has met its initial burden, the burden then shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). The nonmoving party may not simply rest upon its pleadings to satisfy its burden. *Id.* Rather, the nonmoving party must "set forth specific facts that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant." *Adler*, 144 F.3d at 671. Stated differently, the party must provide "significantly probative evidence" that would support a verdict in her favor. *Jaramillo v. Adams Cty. Sch. Dist. 14*, 680 F.3d 1267, 1269 (10th Cir. 2012). "To accomplish this, the facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein." *Id.*

There is undoubtedly a genuine dispute over perhaps the most significant material fact: whether Plaintiff's insurance policy was in effect at the time of the motor vehicle collision on February 25, 2013. The parties agree that all four of Plaintiff's remaining claims turn on this fact. *See* (Doc. ## 68 at 1, 83 at 1.) Defendant asserts that evidence, including Plaintiff's bank records, its own records, and third-party processing records, "conclusively establishes" Plaintiff did **not** have insurance coverage at the time of the accident. (Doc. # 68 at 31.) Defendant asserts that "a preauthorization payment was made [on the day of the accident] at 4:27 p.m.," minutes after the accident, when Plaintiff called to "regain insurance," and that payment was processed and completed on February 27, 2013. (*Id.*) Plaintiff counters that he made payment to Defendant at 9:23 a.m. on the morning of the accident through Defendant's

5

automated phone system. (Doc. # 83 at 2–3.) Plaintiff cites to evidence from his bank statement and deposition testimony of bank and Defendant employees. (*Id*. at 5–11.)

The Court cannot resolve this genuine dispute as to the material fact: whether Plaintiff had insurance coverage from Defendant at the time of the motor-vehicle collision. That question is most appropriately reserved for the trier of fact. Because Defendant failed to meet the standard set forth in Fed. R. Civ. P. 56, Defendant's Motion for Summary Judgment must be denied.

### III. **CONCLUSION**

In accordance with the foregoing, it is ORDERED that Defendant's Motion for Summary Judgment (Doc. # 68) is DENIED.

DATED: December 19, 2017

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge